**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL J. LEMONS | : | |
| 10826 Omaha Trace | : | |
| Union, KY 41091, | : | CIVIL ACTION NO. 1:23-cv-1463 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| COMFORT SYSTEMS USA, INC. | : | |
| 675 Bering Drive, Suite 400 | : | |
| Houston, TX 77057, | : | |
| | : | |
| Defendant. | : | **COMPLAINT** |

**I.  Preliminary Statement**

1.  This diversity action seeks declaratory, injunctive, and equitable relief; economic, compensatory, liquidated, and punitive damages; prejudgment and post-judgment interest; costs; and attorneys' fees for the bad-faith breach of contract committed by Defendant Comfort Systems USA, Inc. (hereinafter "Comfort Systems") when it purported to terminate the former President of its Ohio and Kentucky subsidiaries, Plaintiff Daniel J. Lemons (hereinafter "President Lemons"), with good cause even though under the express terms of his Employment Agreement with Comfort Systems, a true and accurate copy of which is attached hereto as Exhibit A[1], it lacked good cause and, in violation of the covenant of good faith and fair dealing, it concocted good cause to avoid its severance pay obligation and bonuses to him.

**II.  Jurisdiction and Venue**

---

[1] Plaintiff will file a Motion seeking to file the contract under seal as the contract by its terms could be deemed as confidential by Defendant.

1

2. This action brings a contract claim under the common law of the State of Ohio invoking the diversity of citizenship jurisdiction of this Court under 28 U.S.C. §1332.

3. Diversity jurisdiction is appropriate as the amount in controversy, primarily severance pay of 12 months of six-figure base salary and incentive compensation and bonuses far exceed the minimum jurisdictional amount of $75,000, and the Plaintiff is a citizen of a different state than the Defendant.

4. Declaratory, injunctive, and equitable relief are sought pursuant to 28 U.S.C. §§ 2201; 2202 and Fed.R.Civ.P. 65.

5. Economic damages are sought pursuant to the common law of the State of Ohio,

6. Costs and attorney fees may be awarded pursuant to the common law of the State of Ohio governing the shifting of fees for bad-faith breaches of contract; and Fed. R. Civ. P. 54.

7. Venue lies in this forum pursuant to 29 U.S.C. § 1391(b) and N.D. Ohio LR 3.8(b) because President largely performed his duties in the Comfort Systems office at 7401 First Place, Cleveland, OH, 44146, where Comfort Systems is both subject to personal jurisdiction of this Court and has the most significant contacts with this case.

### III. Parties

8. Plaintiff Daniel J. Lemons, a Kentucky resident living at 10826 Omaha Trace, Union, KY, was terminated on March 24, 2023, by Comfort Systems from his positions as Operating Company President for Comfort Systems USA (Ohio), Inc. and Operating Company President for Comfort Systems USA (Kentucky), Inc. effective April 4, 2023, where his base salary was substantial and the average of his prior three year's incentive compensation payments was also substantial.

9. Defendant Comfort Systems USA, Inc., a Delaware corporation with headquarters

at 675 Bering Dr., Ste. 400, Houston, TX 77057, is composed of more than 45 operating companies in over 170 locations across the United States, including its Ohio and Kentucky subsidiaries, and is a leading building and service provider for mechanical, electrical, and plumbing building systems with more than $4 billion in annual revenue.

**IV.     Facts**

10.     President Lemons was hired by Comfort Systems to the position of Operating Company President at its Ohio subsidiary on February 11, 2002, and, over his 21 years of tenure, dedicated his career to developing Comfort Systems Ohio subsidiary into a successful business.

11.     On January 1, 2008, based on his exemplary performance, Comfort Systems installed him as President of its Kentucky subsidiary, then named J&J Mechanical, while retaining him as President of its Ohio subsidiary.

12.     A critical measure of President Lemons' exemplary performance was taking the Ohio subsidiary from $4.7 million in annual revenue to approximately $65 million, while each year achieving double digit net income results.

13.     President Lemons performed similarly for the Kentucky subsidiary, rendering it a profitable operation.

14.     For 21 consecutive years, Comfort Systems recognized President Lemons for "Outstanding Company Performance" each year, a status praising the best Operating Companies for Comfort Systems each year.

15.     President Lemons received a significant base salary increase effective January 1, 2023, and had received such increases in recent years.

16.     In 2022, Comfort Systems consulted with President Lemons about his future, and the two parties came to an understanding that President Lemons would remain for at least another

10 years at Comfort Systems.

17. Despite their long-term commitment, Comfort Systems terminated President Lemons' Employment Agreement for "good cause."

18. In order to trigger a "good cause" termination, Comfort Systems was required to provide President Lemons notice of the events giving rise to the alleged "good cause."

19. Comfort Systems never provided President Lemons written notice of the "good cause" for his termination.

20. At no time material to this Complaint has President Lemons ever willfully or materially breached his Employment Agreement.

21. Comfort Systems, through its Regional President, Tom Tanner, sent President Lemons emails regarding a failed acquisition, and record and billing problems during the last quarter of 2022.

22. In 2022, Comfort Systems implemented new financial and planning software for both its Ohio and Kentucky subsidiary.

23. Comfort System's corporate level employees were responsible for implementing these systems and not President Lemons.

24. Despite President Lemons' best efforts these new systems were not operational when they were expected to be causing strain on Comfort Systems and financial issues.

25. President Lemons made significant efforts to mitigate the issues, but was not fully successful in mitigating the problems caused by the corporate implementation of these new systems.

26. Prior to Comfort System's corporate personnel purchasing these new systems President Lemons did not experience issues of this magnitude.

27. Despite President Lemons' efforts, and the fact that he was not responsible for the purchase of the new systems, Comfort Systems laid the blame for the poor implementation at his feet.

28. The criticism of President Lemons for both the failed acquisition and implementation of the new systems were false and unjust.

29. Comfort Systems breached the Employment Agreement by denying President Lemons' request to be paid his due severance, and that material breach precludes Comfort Systems from now seeking to enforce even the portions of the restrictive covenants, if any, that are reasonable.

30. President Lemons did not understand at the time the Employment Agreement was drafted and executed that its language on each provision being independently based and enforceable meant that he was waiving the consequence of Comfort Systems' materially breaching in bad faith and in violation of the covenant of good faith and fair dealing the contract's severance pay obligation.

31. This high level of sales and growth in 2022 would have entitled President Lemons to substantial incentive compensation under his contract.

32. The bad faith of Comfort Systems is reflected in its concocting good cause in order to avoid paying President Lemons severance, which would have included this substantial and earned incentive compensation.

33. As a direct and proximate cause of the breach and bad faith committed by Comfort Systems, President Lemons has suffered and continues to suffer economic damages, emotional distress, humiliation, frustration, and similar injuries.

V.     **Claims for Relief**

    A.    **Breach of Contract**

34.    Paragraphs 1 through 33 above are realleged and incorporated herein.

35.    By failing to honor its severance pay obligation to President and concocting in bad faith "good cause" for his termination, Comfort Systems had breached its contract with him and violated the covenant of good faith and fair dealing.

**VI.**    **Prayer for Relief**

WHEREFORE, Plaintiff prays that this Court:

a.    declare that Comfort Systems has, in bad faith and violation of the covenant of good faith and fair dealing, breached its contract with him.

b.    order such equitable relief, including reimbursement of expenses, reinstatement, and expungement of his personnel file, as will make him whole; more than $75,000 in economic, compensatory, liquidated, and punitive damages; prejudgment and post-judgment interest; costs; attorneys' fees, and such other relief as the Court may deem appropriate.

    Respectfully submitted:

**OF COUNSEL:**
Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (510) 250-9007

By: __/s/ *John S. Marshall*_____
John S. Marshall (0015160)
(*jmarshall@marshallforman.com*)
Samuel M. Schlein (0092194)
(*sschlein@marshallforman.com*
Edward R. Forman (0076651)
(*eforman@marshallforman.com*)
Helen M. Robinson (0097070)
(*hrobinson@marshallforman.com*)
Madeline J. Rettig (0098816)
(*mrettig@marshallforman.com*)
MARSHALL FORMAN AND SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296

        (614) 463-9790
        Fax (614) 463-9780

Philip J. Truax (0079124)
(*phil@truaxlawgroup.com*)
TRUAX LAW GROUP, LTD.
36718 Detroit Road
Avon, Ohio 44054
PH: (440) 534-6733
Fax (440) 534-6729

*Attorneys for Plaintiff Daniel J. Lemons*